IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AVELINO MARTINEZ,<br><br>            Plaintiff,<br><br>      v<br><br>GMAC MORTGAGE; MORTGAGEIT INC;<br>ETS SERVICES LLC; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEM<br>INC; UVC FINANCIAL; URIEL VARGAS<br>and DOES 1-20,<br><br>            Defendants.<br>                                          / | No   C 09-5577 VRW<br><br>ORDER |

        Plaintiff filed a complaint for relief under state and federal law arising from plaintiff's mortgage on a property in San Jose, California on November 24, 2009.  Doc #1.  Defendants filed motions to dismiss plaintiff's complaint on December 29, 2009 and noticed them for hearing on April 1, 2009.  Doc ##4, 7, 9. Pursuant to Civ LR 7-3(a), plaintiff's opposition was due not later than March 11, 2010.  On March 11, plaintiff filed an amended

complaint asserting only state law claims and a notice of non-opposition to dismissal of the federal claims. Doc ##14, 15.

Plaintiff did not have leave to file an amended complaint as required under FRCP 15(a); nevertheless, because leave to amend is liberally granted, the court will accept plaintiff's amended complaint. The amended complaint states no federal claims and provides no basis for federal jurisdiction.

When a plaintiff seeking to invoke a federal forum voluntarily dismisses claims forming the basis of federal jurisdiction, the court must determine its jurisdiction based on the amended complaint. William W Schwarzer et al, <u>Federal Civil Procedure Before Trial</u> 2:91.5. Where, as here, the amended complaint fails to state any basis for federal jurisdiction, the court must dismiss the case. See id; <u>Wellness Community-National v Wellness Community</u>, 70 F3d 46, 49 (7th Cir 1995).

Plaintiff seeks dismissal without prejudice, Doc #15 at 2, but the court lacks a basis to allow plaintiff leave to amend the complaint. The court may allow amendment of pleadings to cure jurisdictional defects of form, see 28 USC § 1653, but where, as here, the complaint fails to allege any substantive ground for federal jurisdiction, the court has no jurisdiction to allow leave to amend. See <u>Morongo Band of Mission Indians v California State Bd of Education</u>, 858 F2d 1376, 1380 n3 (9th Cir 1988). Accordingly, the only appropriate course is to dismiss the case with prejudice.

\\
\\
\\

For the reasons explained above, the court lacks jurisdiction over plaintiff's claims.  The case is hereby **DISMISSED**.  The clerk is **DIRECTED** to vacate all hearing dates, terminate all pending motions and close the file.

**IT IS SO ORDERED.**

VAUGHN R WALKER
United States District Chief Judge